PER CURIAM.
Joel Carver (“Former Husband”) asserts that it was error for the trial court to include his pension proceeds when determining his ability to pay for purposes of calculating alimony. Former Husband’s pension was equitably distributed between himself and his former wife, so that he and his former wife each receive one-half of the monthly pension proceeds. Former Husband contends that considering the pension in both the equitable distribution and alimony determinations is impermissible “double-dipping.” However, it is important to note that Former Husband still receives half of the pension as part of his monthly cash flow, and that it is only this portion that was considered in determining the alimony award.
Including the proceeds of an equitably distributed pension in the calculation of ability to pay alimony is not “double-dipping” and is supported by both statutory and case law. Lauro v. Lauro, 757 So.2d 523 (Fla. 4th DCA 2000); Acker v. Acker, 821 So.2d 1088 (Fla. 3d DCA 2002). Therefore, the trial court properly included the pension income received by Former Husband in the alimony calculation.
Additionally, Former Husband contends that the trial court erred by including the proceeds of a long-term care insurance policy purchased with marital funds in the alimony calculation. Former Husband receives a daily benefit from this policy because he is confined to a care facility; however, the benefit he receives is greater than his monthly medical expenses. Former Husband believes these proceeds should not be considered income because he needs to keep the excess in reserve for future medical expenses.
When determining alimony, a court must consider all relevant economic factors, the financial resources of each party, and all sources of income. § 61.08, Fla. Stat. (2002). The proceeds of the long-term care policy represent cash flow to Former Husband, and therefore comprise part of his economic resources. The proceeds should consequently be considered when determining Former Husband’s ability to pay alimony. If Former Husband’s medical and financial circumstances were to change in the future, he could seek modification of alimony. However, this is no longer a concern because his former wife has subsequently remarried.
In conclusion, we affirm the trial court’s inclusion of both the Former Husband’s portion of the monthly pension proceeds and the proceeds of the long-term care insurance policy in the alimony calculation.
AFFIRMED.
GUNTHER, TAYLOR, JJ., and TOBIN, and VICTOR, Associate Judge, concur.